# United States Bankruptcy Court
## Southern District of Georgia

30 August 2024

Case No. 24-20266

Johnnie Marene Thomas
1601 Georgia Hwy 40-E
Suite M235
Kingsland, Georgia 31548

## SUBJECT MATTER

→ **BANKRUPTCY FRAUD ((Violation of -362-)**
Any action taken in violation of automatic stay are void and without effect. case law *Borg-Warner Acceptance Corp. v. Hall*, 685 F.2d 1306 (11th Cir. 1982)

<u>Filing an *ex parte* SANCTION against the following Parties listed below:</u>
(Supporting Documents attached)

**SUBJ:** <u>SANCTION against (ALL) of the following Parties listed below for BANKRUPTCY FRAUD (and) VIOLATION OF MY PROCEDURAL DUE PROCESS OF MY INHERITANCE, WITHOUT MY CONSENT</u>

<u>Public Corruptions:</u> **Probate fraud and Bankruptcy fraud.**

Violation of -362-
Any action taken in violation of automatic stay are void and without effect. case law; *Borg-Warner Acceptance Corp. v. Hall*, 685 F.2d 1306 (11th Cir. 1982)

***Comes now,*** Johnnie Marene Thomas, representing herself as pursuant to *28 USC section 1654 in Haynes versus Kerner, 29 SCT; Powell v Lennon, 914 F.2d 1459 (11th circuit 1990).*

---

Bankruptcy fraud committed by: <u>Michael L. Karpf</u> (on the 22nd day August 2024)-    page 1 of 5

| QUICK FACTS: | I, Johnnie Marene Thomas: |
|---|---|
| 1 | filed a Civil Lawsuit on the **5th day of September 2023** against ten (10) individuals who were totally aware of the wrongdoings against my Belated Mother's Estate, MY INHERITANCE (and) IN VIOLATION of my Constitutional Rights - Procedural Due Process (Case#**SUCV 2023-000722**) |
| 2 | Filed Bankruptcy in the United States Bankruptcy Court, Southern District of Georgia on the 24th day July, 2024 at 2:55PM, (Case# 24-20266) |
| 3 | filed a **copy** of the Bankruptcy into the **Camden County Georgia Superior Court on the 30th day of July, 2024.** (covering all other cases **but I did NOT have listed Case#2023-000722**)         **(EXHIBIT C)** |
| 4 | Filed a **copy** of the Bankruptcy into the Beth Soles Tax Commissioner Office of Camden County Georgia         **(EXHIBIT C)** |
| 5 | RECEIVED VIA EMAIL FROM THE SUPERIOR COURT OF CAMDEN COUNTY GEORGIA, A FINAL ORDER RENDERED BY: **Senior Judge Michael L. Karpf** on **22 day of August, 2024,** when **ORDERS** were **rendered by MICHAEL L. KARPF,**         **(EXHIBIT A)** |
| 6 | **362- ("automatic stay" (7/24/2024 at 2:55 PM)** on all litigations/matter (listed or not) |
| | Any action taken in violation of automatic stay are void and without effect. case law *Borg-Warner Acceptance Corp. v. Hall*, 685 F.2d 1306 (11th Cir. 1982)<br>Judge Karpf - committed **Bankruptcy FRAUD** |
| | Senior Judge Michael L. Karpf committed Bankruptcy FRAUD<br>• ALL ORDERS rendered by MICHAEL L. KARPF, Senior Judge, Superior Courts State of Georgia AND ALL other PARTIES are **"MOOT"** |

Legal authority and pursuant to rule 2004, section A - Rule 2004(a) of the Federal Rules of Bankruptcy Procedure

> Rule 2004(a) of the Federal Rules of Bankruptcy Procedure allows the court to order an examination of any entity upon motion of a party in interest. This procedure, known as a Rule 2004 Examination, is a tool that allows parties to examine witnesses and obtain documents from third parties related to a debtor's property, liabilities, and financial condition. The examination can take place before an adversary proceeding has been filed.

## Conclusion and Release

*I, Johnnie Marene Thomas* - **Debtor**, motion this Honorable Court to:

| | | |
|---|---|---|
| 1 | a Zoom "EVIDENTIARY HEARING" immediately, on the parties being Sanctioned | |
| 2 | A BONDED TRUSTEE at ALL of the Hearings<br>A copy of TRUSTEE's BOND (individual, not the Blanket Covered Bond or a LETTER from HEADQUARTERS of Southern District informing that individual BONDS are NOT issued and NOTARIZED please. (protecting myself) | |
| 3 | Filing an *ex parte* SANCTION against:<br>(Supporting Documents attached)<br><br>**A Sanction against all individuals listed below** | |

| Sanction Against | Sanction Amount |
|---|---|
| **Michael Karpf**<br>Senior Judge, Superior Courts State of GA | $50,000,000.00<br>Fifty Million Dollars |
| **Joy Lynn Turner**<br>Clerk of Superior Court Camden County GA **and** AS Registry for Superior Court Camden County GA | $10,000,000.00<br>Ten Million Dollars |
| **Paul M. Scott, Esq.**<br>(Attorney for Defendants: R. Sweatt, B. Soles, J. Myers, J.L. Turner, L. Drury, P. Miller)<br>Representing Individuals that ARE aware of the Illegal practices that some of THEMselves are doing and of co-workers participating in Unlawful, Illegal acts against My Beloved Mother's Estate and of My Inheritance, **without my consent** | $10,000,000.00<br>Ten Million Dollars |
| **John S. Myers**, Attorney<br>Knowingly, willfully, intentionally, accepted the Illegal appointment | $30,000,000.00<br>Thirty Million Dollars |

| | |
|---|---|
| as the Administrator over My Beloved Mother's Estate and of My Inheritance, <u>without my consent</u> | |
| **Robert Sweatt, Jr.** (Probate Judge of Camden County) Unlawfully, Illegally appointing an Administrator over My Beloved Mother's Estate and of My Inheritance, <u>without my consent</u> | $100,000,000.00 One Hundred Million Dollars |
| **Beth Soles,** Camden County Georgia Tax Commissioner | $10,000,000.00 Ten Million Dollars |
| **Stephen G. Scarlett**, et al For willfully and knowingly that Probate Judge Sweatt had Unlawfully, Illegally appointed an Administrator over My Beloved Mother's Estate and of My Inheritance, <u>without my consent</u> | $200,000,000.00 Two Hundred-Million Dollars |
| **John S. Myers**, Attorney Knowingly, willfully, intentionally, accepted the Illegal appointment as the Administrator over My Beloved Mother's Estate and of My Inheritance, <u>without my consent</u> | $50,000,000.00 Fifty Million Dollars |
| **William R. Ashe** (Attorney for Willingham Loan & Realty Company) **Willingham Loan & Realty Company** | $20,000,000.00 (Ashe) Twenty Million Dollars $5,000,000.00 (Willingham) Five-Million Dollars |
| **Vincent D. Sowerby**, attorney for Alvin Matthew Thomas For allowing Judge Sweatt & Judge Scarlett unlawfully and illegally appoint an Administrator"s" over My Beloved Mother's Estate and of My Inheritance, <u>without my consent</u> | $50,000,000.00 (Sowerby) Fifty Million Dollars |
| **Alvin Matthew Thomas** Misrepresentation of My Beloved Mother's Estate and of My Inheritance, <u>without my consent</u> | $50,000,000.00 Fifty Million Dollars |
| **Penny Miller, Probate Clerk** For knowing the illegal practices Sweatt was doing in regards to My Belated Mother's Estate, My Inheritance, <u>without my consent</u> | $50,000.00 Fifty Thousand Dollars |
| **Lindsey Drury, Senior Deputy Clerk** Knowingly signed off on documents knowing the illegal practices Scarlett was doing when Scarlett illegally, unlawfully practiced as a Probate Judge appointing a repeated FELON as Administrator in regards to My Belated Mother's Estate, My Inheritance, <u>without my consent</u> | $1,000,000.00 One Million Dollars |
| | |

Respectfully submitted,

_____  _____8/30/2024_____
Ms. Johnnie Marene Thomas, ProSe        date
1601 Georgia Hwy 40-E, #M235
Kingsland, Georgia 31548

### CERTIFICATE OF SERVICE

I hereby certify a copy of this document and necessary attachments, has been delivered to the United States Bankruptcy Court of Southern District of Georgia to be entered into the system to file on ___30Th___ day of ___August 2024___.

A Copy of this document to the Bankruptcy - TRUSTEE - Chapter 7 - Mr. Paul Schofield

Judicial Notice will be filed into the Camden County Georgia Superior Court System in person by September 4, 2024

A Copy of the above will be sent to the following (RESPECTFUL PARTIES/REPRESENTATIVE) via United States Postal Service to the parties listed below by September 6, 2024:

| ATTORNEY ASHE (RE: WILLINGHAM) | SOWERBY & CLIENT ALVIN THOMAS |
|---|---|
| ATTORNEY (RE: SWEATT, MILLER, SOLES, MYERS, DRURY, TURNER | ATTORNEY (RE: SCARLETT) |
| SENIOR JUDGE MICHAEL KARPF | |

_____  _____8/30/2024_____
Ms. Johnnie Marene Thomas, ProSe        date
1601 Georgia Hwy 40-E, #M235
Kingsland, Georgia 31548

---
**Bankruptcy fraud committed by: <u>Michael L. Karpf</u> (on the 22nd day August 2024)-    page 5 of 5**

# EXHIBIT A

## FROM: JUDGE KARPF

## BANKRUPTCY VIOLATION
## August 22, 2024
## 10 pages

⚡ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
CAMDEN COUNTY, GEORGIA
**SUCV2023000722**
AUG 22, 2024 03:33 PM

Joy Turner, Clerk
Camden County, Georgia

IN THE SUPERIOR COURT OF CAMDEN COUNTY
STATE OF GEORGIA

JOHNNIE MARENE THOMAS,
    Plaintiff,

VS.

Case No: SUCV2023 000722

ALVIN M. THOMAS,
VINCENT D. SOWERBY,
ROBERT C. SWEATT, JR.,
PENNY MILLER,
JOHN MYERS,
STEPHEN G. SCARLETT, SR.,
JOY LYNN TURNER,
LINDSEY DRURY,
BETH SOLES (Tax Commissioner),
WILLINGHAM REALTY
    Defendants.

## **FINAL JUDGMENT AS TO ALVIN THOMAS AND VINCENT SOWERBY**

On May 7, 2023, the court held a hearing on all pending motions which was duly noticed to all parties, including Plaintiff. Plaintiff did not appear at the hearing. The court gave her an additional 15 days, to May 23, 2024, to file responses to all the pending motions. The court has reviewed all the materials filed by Plaintiff including the Complaint and her most recent filing on May 9, 2024 and finds them all to be wholly without merit as to the Defendants Alvin Thomas and Vincent D. Sowerby. Therefore the Complaint is dismissed with prejudice insofar as it attempts to assert any cause of action against the Defendants Alvin Thomas and Vincent D. Sowerby, in favor of whom judgment is hereby rendered.

This 22 day of August, 2024.

Michael L. Karpf
Senior Judge, Superior Courts
State of Georgia

Order Prepared By:
Vincent D. Sowerby
Attorney for Alvin Thomas and Himself

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
CAMDEN COUNTY, GEORGIA
**SUCV2023000722**

AUG 22, 2024 03:33 PM

*Joy Turner, Clerk*
*Camden County, Georgia*

### IN THE SUPERIOR COURT OF CAMDEN COUNTY
### STATE OF GEORGIA

| | |
|---|---|
| MS. JOHNNIE MARENE THOMAS, *Pro Se*, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>ALVIN MATTHEW THOAMS, Individual Capacity, VINCENT D. SOWERBY, Attorney, Individual Capacity, ROBERT C. SWEATT, JR., Individual Capacity, PENNY MILLER (Probate), Individual Capacity, JOHN MYERS, Attorney, Individual Capacity, STEPHEN G. SCARLETT, SR., Individual Capacity, JOY LYNN TURNER, Individual Capacity, LINDSEY DURRY, Individual Capacity, BETH SOLES, CAMDEN COUNTY COMMISSIONER, Individual Capacity, WILLINGHAM REALTY (c/o KAY FARRIS Individual Capacity, )<br>)<br>Defendants. ) | CASE NUMBER 2023CV722-AH |

### ORDER

This matter comes before the Court on the Motions to Dismiss filed by the following Defendants: Judge Robert C. Sweatt, Jr.; Beth Soles (Tax Commissioner of Camden County, Georgia); John Myers (Camden County Attorney); and Joy Lynn Turner (Clerk of the Superior Court of Camden County, Georgia), Lindsey Drury (Deputy Clerk of the Superior Court of Camden County, Georgia), and Penny Miller (Chief Clerk of the Probate Court of Camden County, Georgia).

1

Order in *Thomas v. Sweatt, et. al.*,
Superior Court of Camden County, Georgia
Case # SUCV2023000722

Having carefully reviewed those motions, the Plaintiff's filings and responses, the entire record in this case, applicable law, and having heard oral argument on May 7, 2024 (during which the Plaintiff did not appear), the Court hereby **ORDERS** as follows:

1. The Motions to Dismiss filed by Defendants Judge Robert C. Sweatt, Jr.; Beth Soles; John Myers; and Joy Lynn Turner, Lindsey Drury, and Penny Miller are **GRANTED** and Plaintiff's Complaint against those defendants is **DISMISSED WITH PREJUDICE**.

2. The Plaintiff's various motions and requests for relief, including her request for default judgment, against those defendants are **DENIED**.

3. The Plaintiff's "Objection" wherein she requests that venue be transferred to Fulton County, along with "all expenses paid by the State of Georgia to include the following for the length of time it will take: hotel accommodations [and] private security," among other relief, is **DENIED**.

**IT IS FURTHER ORDERED** that pursuant to O.C.G.A. § 9-11-54(b), this Court makes the determination that there is no just reason for delay and directs the entry of a Final Judgment as to Defendants Judge Robert C. Sweatt, Jr., Beth Soles, John Myers, Joy Lynn Turner, Lindsey Drury, and Penny Miller.

**SO ORDERED**, this __22__ day of __August__, 2024.

_____
MICHAEL L. KARPF
Senior Judge, Superior Courts
State of Georgia

*Order prepared and presented by:*
/s/ Paul M. Scott
Paul M. Scott, Esq.
Georgia Bar No: 140960
5 Glynn Ave., Brunswick, GA 31521
Phone: (912) 264-8544 / Fax: 912-264-9667 / Email: pscott@brbcsw.com
Attorney for Defendants Judge Robert C. Sweatt, Jr., Beth Soles,
John Myers, Joy Lynn Turner, Lindsey Drury, and Penny Miller

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
CAMDEN COUNTY, GEORGIA
SUCV2023000722
AUG 22, 2024 03:33 PM

Joy Turner, Clerk
Camden County, Georgia

IN THE SUPERIOR COURT OF CAMDEN COUNTY
STATE OF GEORGIA

| | |
|---|---|
| JOHNNIE MARENE THOMAS, <br><br> Plaintiff, <br><br> v. <br><br> STEPHEN G. SCARLETT, et al. <br><br> Defendants. | CIVIL ACTION FILE NO. <br> 2023-CV-722 |

## ORDER GRANTING DEFENDANT STEPHEN SCARLETT'S MOTION TO DISMISS

This matter comes before the Court on Defendant Judge Stephen G. Scarlett's Motion to Dismiss filed on October 16, 2023. Having held oral argument and reviewed the record and relevant law, the Court finds as follows:

## I. BACKGROUND

Plaintiff's complaint disputes decisions and ruling made by Judge Stephen Scarlett in his judicial role as superior court judge regarding the appointment of Alvin M. Thomas as administrator to the estate of Irene D. Thomas (i.e. Plaintiff's mother). Specifically, Plaintiff attached to her complaint the Order Appointing Administrator issued by Judge Scarlett on August 17, 2023 which appointed Alvin M. Thomas as administrator of the estate after the Court found that the petition was in compliance with Georgia

*Johnnie M. Thomas v. Stephen G. Scarlett, et al.*
File No. 2023-CV-722
Page 1 of 5

law and all heirs were properly served and notified. Plaintiff was actively engaged in the litigation process regarding this appointment and filed a request for interlocutory appeal and certificate of immediate review of this order on August 18, 2023. While this request was still pending, Plaintiff filed this action on September 5, 2023.[1] She seeks monetary and other relief against Judge Scarlett alleging that, in making this ruling, her due process rights were violated under the Fourteenth Amendment of the U.S. Constitution.

## II. ANALYSIS AND CITATION OF AUTHORITY

In considering the sufficiency of a complaint, the Court is to dismiss an action if it appears that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. O.C.G.A. § 9-11-12; *Tate v. Kia Autosport of Stone Mt., Inc.*, 273 Ga. App. 627 (2005). "The rules require that [the Complaint] be construed in the light most favorable to the plaintiff with all doubts resolved in his favor even though unfavorable constructions are possible." *Foster v. Swinney*, 263 Ga. App. 510 (2003).

Plaintiff is not entitled to leniency from the Court because she is proceeding *pro se*. *Salazar v. State*, 256 Ga. App. 50, 53 (2002). "One who knowingly elects to represent himself assumes full responsibility for

---

[1] On December 4, 2023, Judge Scarlett—in his discretion—denied Plaintiff's request for a certificate of immediate review.

*Johnnie M. Thomas v. Stephen G. Scarlett, et al.*
File No. 2023-CV-722
Page 2 of 5

complying with the substantive and procedural requirements of the law." *Id.* "In a civil case, the court cannot put a *pro se* litigant on a different standard from one represented by counsel." *Turner v. Mize*, 280 Ga. App. 256, 259 (2006).

### a. Plaintiff's claims are barred by judicial immunity.

"Judicial officers have been shielded from civil actions for acts done in their judicial character 'from the earliest dawn of jurisprudence down to the latest reported cases.'" *West End Warehouses, Inc., v. Dunlap*, 141 Ga. App. 333, 333 (1977). Under both state and federal law, judges acting within their judicial function are accorded absolute immunity from civil suits. *See Cleavinger v. Saxner*, 474 U.S. 193 (1985); *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999); *Earl v. Mills*, 275 Ga. 503, 504 (2002). This principle is rooted in the belief that it is "ultra-important in our democracy to preserve the doctrine of judicial immunity to enable our judges to exercise within their lawful jurisdiction untrammeled determination without apprehension of subsequent damage suits." *Maddox v. Prescott*, 214 Ga. App. 810, 813 (1994). This immunity is "for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." *Id.*

Absolute immunity rests on the nature of the function performed, not on the official's identity or status. *Kalina v. Fletcher*, 522 U.S. 118, 127 (1997); *Malley v. Briggs*, 475 U.S. 335, 342 (1986). "Generally, judicial immunity applies to a judge who dealt with the plaintiff in a judicial capacity and did not act in the clear absence of all jurisdiction." *Smith v. Shook*, 237 F.3d 1322, 1325 (11th Cir. 2001). Absolute immunity applies "even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000).

Plaintiff is suing Judge Scarlett for actions arising from his role as a judge. In appointing the administrator of the estate of Irene D. Thomas pursuant to O.C.G.A. § 53-6-13, Judge Scarlett was adjudicating the private rights of the parties after reviewing the petition to the Court requesting such appointment. Judge Scarlett was acting within his judicial capacity when he made ruled on the petition for appointment of the administrator and found that all heirs were served or acknowledged service and the petition was filed in accordance with O.C.G.A. § 53-6-21 and all other requirements under Georgia law.

Construing the complaint in the light most favorable to the Plaintiff, Judge Scarlett was acting within his lawful jurisdiction when he issued his Order Appointing Administrator on August 17, 2023 and Plaintiff's due

*Johnnie M. Thomas v. Stephen G. Scarlett, et al.*
File No. 2023-CV-722
Page 4 of 5

process rights were not deprived and she had every opportunity to litigate her claims and file any motion, objection, or appeal in the trial court during the adjudication of those claims relating to the estate of Irene D. Thomas. Accordingly, judicial immunity applies to Judge Scarlett for all claims made against him in Plaintiff's complaint.

## CONCLUSION

Therefore, for the foregoing reasons, Defendant Judge Stephen Scarlett's motion is **GRANTED**.

SO ORDERED, this 22 day of Aug., 2024.

_____
Michael L. Karpf, Senior Judge
Superior Court of Camden County

*Johnnie M. Thomas v. Stephen G. Scarlett, et al.*
File No. 2023-CV-722
Page 5 of 5

⚡ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
CAMDEN COUNTY, GEORGIA
SUCV2023000722
AUG 22, 2024 03:33 PM

Joy Turner, Clerk
Camden County, Georgia

IN THE SUPERIOR COURT OF CAMDEN COUNTY
STATE OF GEORGIA

JOHNNIE MARENE THOMAS, )
   Plaintiff, )
) CIVIL ACTION
vs. ) FILE NO. 2023CV722
)
ALVIN MATTHEW THOMAS, )
VINCENT D. SOWERBY, )
ROBERT C. SWEATT, JR., )
PENNY MILLER, )
JOHN MYERS, )
STEPHEN G. SCARLETT, SR., )
JOY LYNN TURNER, )
LINDSEY DRURY, )
BETH SOLES, )
WILLINGHAM REALTY and )
KAY FARRIS, )
   Defendants. )

## FINAL JUDGMENT

On May 7, 2023, the court held a hearing on all pending motions which was duly noticed to all parties, including Plaintiff. Plaintiff did not appear at the hearing. The court gave her an additional 15 days, to May 23, 2024, to file responses to all the pending motions. The court has reviewed all the materials filed by Plaintiff including the Complaint and her most recent filing on May 9, 2024 and finds them all to be wholly without merit. Therefore, all motions filed by Defendants WILLINGHAM REALTY and KAY FARRIS are granted, each for the reasons argued therein. Plaintiff's Complaint is dismissed with prejudice with court costs assessed against her.

SO ORDERED this 22 day of August, 2024.

*[Signature]*
Hon. Michael L. Karpf, Senior Judge,
Superior Courts State of Georgia


By:

William R. Ashe
Georgia Bar Number 000490
Attorney for Defendants WILLINGHAM LOAN & REALTY COMPANY
and KAY FARRIS


Law Offices of William R. Ashe
Post Office Box 607
Woodbine, Georgia 31569
912.882.9544

# EXHIBIT C

TO: CAMDEN COUNTY SUPERIOR
COURT "JUDICIAL NOTICE"
FROM: JOHNNIE M THOMAS, DEBTOR

ENTERED INTO SUPERIOR COURT
JULY 30, 2024 at 12:33PM
(4 PAGES/5-PAGES)
And
CAMDEN TAX COMMISSIONERS OFFICE
on
JULY 20, 2024
(1 PAGE)

RECEIVED
JUL 3 0 2024
CAMDEN TAX
COMMISSIONERS OFFICE

# IN THE SUPERIOR COURT OF CAMDEN COUNTY
## STATE OF GEORGIA

ALVIN THOMAS
    PLAINTIFF

V.                                      CASE NO. SUCV2021-940

JOHNNIE M THOMAS and
ABOVE THE SEA ESSENTIALS, INC.
    DEFENDANT

---

IN RE:
ESTATE OF IRENE D. THOMAS         CASE NO. SUCV2022-769

---

ALVIN THOMAS, Individually, and
ALVIN THOMAS, in His Capacity as Administrator of my Mother's "Estate Irene Thomas", unlawfully appointed by Judge Stephen G. Scarlett, Sr. which constitutes defamation against the Estate of Irene Derry Thomas on the grounds that I, Johnnie Marene Thomas did NOT consent for Alvin Matthew Thomas to be the administrator. The entire record of the Estate will reflect that I (the Defendant and LAWFUL HEIR/COMMON OWNER) never voted him to serve as Administrator.
    PLAINTIFF

V.                                      CASE NO. SUCV2023-887

JOHNNIE MARENE THOMAS, *ProSe*
    DEFENDANT

---

# JUDICIAL NOTICE
## CHAPTER 7 BANKRUPTCY FILED ON 24th JULY 2024
### Case Number 24-20266

---

CAMDEN COUNTY SUPERIOR COURT
WOODBINE, GEORGIA

I CERTIFY that this is a true & correct copy of original __4__ pages filed in this office.
This __30th__ day of __July__, 20__24__

_Camille Smith_
DEPUTY CLERK