IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

IN RE:

JOHNNIE MARENE THOMAS,

        Debtor,

_____

ALVIN THOMAS, as an individual and as
Administrator of the ESTATE OF IRENE
THOMAS,

        Movants,

vs.

JOHNNIE MARENE THOMAS and
PAUL A. SCHOFIELD, Chapter 7 Trustee,

        Respondents,

Chapter 7

Case No. 24-20266-MJK

CONTESTED MATTER

## **MOTION FOR RELIEF FROM AUTOMATIC STAY**

COMES NOW Movant, ALVIN THOMAS, as an individual and as Administrator of the

ESTATE OF IRENE THOMAS ("Movant"), a creditor and interested party in the above-styled

case, and respectfully shows the Court the following:

1.

This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 1334 and 157, and

11 U.S.C. § 362.

2.

Movant Alvin Thomas and Debtor/Respondent Johnnie Marene Thomas are the sole

surviving children of their deceased mother, Irene Thomas, who passed away intestate on June

31, 2017.

3.

Movant is acting in his individual capacity and as the duly appointed Administrator of the Estate of Irene Thomas through the Letters of Administration issued by the Superior Court of Camden County, Georgia on or about August 17, 2023, in Case Number SUCV2022000769, and is vested with all powers contained in O.C.G.A. § 53-12-26.

4.

Debtor filed the subject petition for relief under Chapter 7 of Title 11, United States Code on July 24, 2024.

5.

As of commencement of the Debtor's Chapter 7 case, Movant was the holder of claims which are have long been the subject of civil litigation within the state courts of Georgia, and now the subject of a pending adversary proceeding objecting to the dischargeability of debts and seeking additional relief.

6.

Debtor has made assertions that the automatic stay provided under 11 U.S.C. § 362 applies to certain real estate, personal property, and civil litigation as described below which Movant disputes.

7.

Movant seeks relief from the automatic stay to the extent it may apply as to the following real estate, personal property, and pending civil litigation:

     a.     Real estate known as **494 Village Drive, Woodbine, Georgia,** with title held solely by the Estate of Irene Thomas;

b. Real estate known as **3130 Wedgewood Drive, Macon Georgia,** with title held solely by the Estate of Irene Thomas;

c. Real estate known as **SE Peavey Ferry Rd, parcel #133-00-00-010-000, Fairfield County, South Carolina** (41 acres more or less), with title held solely by the Estate of Irene Thomas;

d. Real estate known as **SE Peavey Ferry Rd, parcel #152-00-00-009-000, Fairfield County, South Carolina** (19 acres more or less), with title held solely by the Estate of Irene Thomas;

e. One motor vehicle being a **2009 Hyundai Accent GLS, VIN KMHCN46C09U31924**5, owned solely by the Estate of Irene Thomas as stated in the Vehicle, Title, and Tag Information;

f. One motor vehicle being a **2005 Acura TL, VIN 19UUA66255A021343**, owned solely by the Estate of Irene Thomas as stated in the Vehicle, Title, and Tag Information;

g. Personal property belonging to Movant Alvin Thomas as an individual being **two (2) Rolex Presidential watches; two (2) Rolex Daytona watches, and one (1) Rolex Yachtman watch**;

h. Personal property belonging to the Estate of Irene Thomas being **one (1) Rolex Presidential watch, and one (1) Cartier watch;**[1]

i. Civil litigation known as *In Re: Estate of Irene Thomas*, pending in the Superior Court of Camden County, Georgia, Case No. SUCV2022000769;

---

[1] Additional personal property consisting of jewelry and furniture with a possible value of $200,000.00 to $300,000.00 is believed to exist but Movant is without sufficient descriptions of that property at this time. The existence and whereabouts will be investigated through the discovery tools available within the state courts and in connection with the associated adversary proceeding.

j.  Civil litigation known as *Alvin Thomas vs. Johnnie M. Thomas-Duchene and Above the Sea Essentials Investors, Inc.,* pending in the Superior Court of Camden County, Georgia, Case No. SUCV2021000940;

k.  Civil litigation known as *Alvin Thomas, as Administrator of the ESTATE OF IRENE THOMAS, and ALVIN THOMAS as an individual, vs. Johnnie Marene Thomas,* pending in the Superior Court of Camden County, Georgia, Case No. SUCV2023000887, and

l.  Civil litigation known as *Willingham Loan & Realty Company v. Johnnie Marene Thomas and Alvin Thomas, Individually and in his Capacity as Administrator of the Estate of Irene D. Thomas*, pending in the Superior Court of Camden County, Georgia, Case Number SUCV2023000754;

8.

Debtor Johnnie Marene Thomas wrongfully trespassed upon 494 Village Drive, Woodbine, Georgia ("494 Village Drive") and the personal property contents within it following the death of Irene Thomas taking wrongful possession and without payment of rents to the Estate of Irene Thomas. Despite Administrator Thomas' oral and written demands to turn over 494 Village Drive, Debtor Johnnie Marene Thomas has refused to surrender the property, refused to pay rents, has raised meritless defenses, brought meritless claims for sanctions.

9.

Movant is entitled to relief from the automatic stays entered on behalf of Debtor and an order clarifying the lack of such stay(s) as to non-estate property and the above referenced civil litigation in that: (1) all of the above referenced real estate is property of the Estate of Irene Thomas and not property of this bankruptcy estate unless and until the probate matter generates a distribution due to Debtor as governed by state law with those limited proceeds being turned

over to the Chapter 7 Trustee upon liquidation; (2) the two motor vehicles are also solely  the property of the Estate of Irene Thomas and not property of this bankruptcy estate unless and until the probate matter generates a distribution due to Debtor as governed by state law with those limited proceeds being turned over to the Chapter 7 Trustee upon liquidation; (3) the above referenced personal property in the form of watches having belonged to Irene Thomas during her lifetime are property of the Estate of Irene Thomas and not property of this bankruptcy estate unless and until the probate matter generates a distribution due to Debtor as governed by state law with those limited proceeds being turned over to the Chapter 7 Trustee upon liquidation; (4) the above referenced personal property in the form of watches belonging to Movant Alvin Thomas as an individual are not property of this bankruptcy estate and should be turned over by Debtor, and (5) the above referenced civil actions should be permitted to proceed for the continued administration of the probate estate and to liquidate damages as stated in Movant's proofs of claim at Claim Numbers 2, 3, 4, 5, 6, 7.

10.

Per 11 U.S.C. § 362(d)(1), a bankruptcy court shall grant relief from the stay upon a showing of "cause". Cause is found "when necessary to permit litigation to be concluded in another forum . . ." 3 *Collier on Bankruptcy* ¶ 362.07[3] at 362-84 (Alan N. Resnick, et al., eds., 15th ed. rev. 2002). *See also In re Cummings*, 221 B.R. 814, 818 (Bankr. N.D. Ala. 1998).

11.

Here, ample cause exists to grant lift of stay and to confirm a lack of federally imposed stay where all referenced real property belongs to the Estate of Irene Thomas and where duly appointed Administrator Alvin Thomas consents to turnover proceeds following liquidation to the Chapter 7 Trustee otherwise belonging to Debtor; it being in the best interests of all parties for Administrator Thomas to gain possession of personal property belonging to the Estate of

Irene Thomas and himself as an individual by means available within the state court system (e.g., trover, conversion, writ of possession), and to allow the multiple civil suits to conclude the administration of the probate estate and liquidate damages as stated in Movant's proofs of claim at Claim Numbers 2, 3, 4, 5, 6, 7.

12.

Movant requests that relief from stay not be stayed for the fourteen (14) day period provided for under Bankruptcy Rule 4001(a)(3).

WHEREFORE, Movant, ALVIN THOMAS, as an individual and as Administrator of the ESTATE OF IRENE THOMAS, respectfully prays that upon final consideration of this Motion:

1.  That this Court terminate or modify all stays entered pursuant to 11 U.S.C. § 362 to permit Movant to gain rightful possession of both real and personal property and to liquate damages under state law and in the state courts which have long litigated those matters;

2. That this Court expressly provide said relief is not stayed as provided for under Bankruptcy Rule 4001 (a)(3);

3.  That Movant have such other and further relief as this Court deems just and proper.

This day, October 28, 2024.

/s/ Daniel C. Jenkins
Daniel C. Jenkins
Georgia Bar No. 142345
*Attorney for Movant*

Law Office of Daniel C. Jenkins, LLC
24 Drayton St., Ste. 204
Savannah, GA 31401
daniel@djenkinslaw.com
912.480.9999