IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA

BRUNSWICK DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 CASE |
| | ) | No. 24-20266 |
| JOHNNIE MARENE THOMAS, | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

**OPINION AND ORDER GRANTING**
**TRUSTEE'S MOTION TO SELL REAL PROPERTY**

Pursuant to notice, the Motion to Sell Real Property (ECF No. 155) (the "Motion") filed by the Chapter 7 Trustee (the "Trustee") came on for hearing on January 13, 2025. In the Motion, the Trustee seeks authority to sell real property located at 3121 Wedgewood Drive, Macon, Bibb County, Georgia 31211 (the "Property") under 11 U.S.C. § 363. For the reasons that follow, the Motion will be granted.

**BACKGROUND**

Debtor, acting *pro se*, filed this voluntary chapter 7 bankruptcy case on July 24, 2024. Debtor did not include the Property or her interest therein in her bankruptcy schedules. However, at the hearing, she acknowledged her interest in the Property as alleged by the Trustee in the Motion.

In the Motion, Trustee asserts that Debtor has a 25% undivided interest in the Property; Alvin Thomas, Debtor's brother, also has a 25% undivided interest in the

Property; and the Estate of Irene Thomas, Debtor's late mother, has a 50% undivided interest in the Property. The Trustee proposes to sell the Property to Elleena Johnson and Rico S. Harvey ("Buyers") for the sum of $159,000, free and clear of all liens and under the terms and conditions outlined in the Motion. The Trustee asserts that the Buyers are disinterested persons,[1] and that the Property was marketed for sale at an original list price of $169,900. The only liens on the Property are certain tax liens in the approximate amount of $5,007.21, which will be paid in full from the proceeds of the sale. Alvin Thomas and the Estate of Irene Thomas have consented to the terms of the sale.

At the hearing, Debtor objected to the sale by asserting it violates the automatic stay of 11 U.S.C. § 362. Debtor did not object to the terms of the sale, such as the sale price or the proposed Buyers, but to the fact of the sale itself.

After consideration of the Motion, Debtor's objection, and the relevant law, Debtor's objection will be overruled and the Motion will be granted.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The Trustee is the representative of the bankruptcy estate. 11 U.S.C. § 323. The Trustee's most important statutory duty under the Bankruptcy Code is to "collect and reduce to money the property of the estate." 11 U.S.C. § 704(a)(1); In re Bryan, No. 12-

---

[1] The Trustee noted at the hearing that the Buyers are currently tenants at the Property. However, the parties did not dispute that the Buyers are disinterested persons. See 11 U.S.C. § 101(14).

31486-WRS, 2013 WL 4716194, at *2 (Bankr. M.D. Ala. Sept. 3, 2013) ("The principal role of a trustee in a Chapter 7 case is gathering available estate property in order to obtain the value needed to satisfy the debtor's creditors."). To perform his duty to liquidate Debtor's assets, the Trustee is authorized to sell property of the bankruptcy estate out of the ordinary course of Debtor's business, subject to the approval of this Court after notice and hearing. 11 U.S.C. § 363(b)(1). "The Trustee's sale of estate property . . . is governed by the business judgment test . . . Essentially, this requires a trustee to establish sound business reasons for the terms of the proposed sale." Bryan, 2013 WL 4716194, at *2. Under this test, the Court considers factors such as "(1) any improper or bad faith motive, (2) [whether the] price is fair and the negotiations or bidding occurred at arm's length, [and] (3) adequate procedure, including proper exposure to the market and accurate and reasonable notice to all parties in interest." In re Gulf States Steel, Inc. of Ala., 285 B.R. 497, 514 (Bankr. N.D. Ala. 2002). A trustee's decision in executing a sale or accepting a bid "is entitled to respect and deference from the Court, so long as the burden of giving sound business reasons is met." Id.; see also Phillips v. Phillips (In re Phillips), Nos. 2:12-cv-585-FtM-29, 2:12-cv-669-FtM-29, 2:13-mc-5-FtM-29, 2013 WL 1899611, at *10 (M.D. Fla. May 7, 2013).

In this case, Trustee asserts that while the proposed sale price is less than the original asking price, he believes that it is the highest and best offer that he is likely to receive for the Property. Trustee maintains that the minimal discount is justified because

the proposed sale will save the bankruptcy estate time and result in a greater recovery for the bankruptcy estate for several reasons. First, partition of the Property among the co-owners is not practical or necessary, and in fact would result in a lesser sale price than selling the Property in its entirety. Second, removal of the current tenants will not be necessary. Third, the co-owners will receive cash at closing. Finally, the current condition of the dwelling on the Property is unknown to the Trustee; however, the proposed sale of the Property is as-is and where-is, and therefore, no inspections of or repairs to the Property are required.

Debtor raised no objections to the terms of the sale or to the Trustee's business judgment. Rather, Debtor argued that any sale of the Property was a violation of the automatic stay under 11 U.S.C. § 362.[2] It is well-established that "a party objecting to the sale is required to produce some evidence respecting its objections." In re CPJFK, LLC, No. 10-50566-CEC, 2011 WL 1257208, at *11 (Bankr. E.D.N.Y. Mar. 30, 2011) (citing Comm. of

---

[2] The Court notes that Debtor filed a document entitled "Debtor's Memorandum of Argument" approximately 28 minutes prior to the hearing. (ECF No. 187.) In this document, Debtor seems to argue that the Motion and a separate motion filed by the Trustee should be "MOOT, NULL and VOID and should be dismissed. There has never been a valid CREDITOR file a valid CLAIM. . . . The controlling document right now is the 'DOCKET' and as of the deadline of December 23rd, 2024- NO creditor filed a lawful perfected claim." (Id. at 2).

The Court construes filings by *pro se* filers liberally. Powers v. Nielsen, 906 F. App'x 958, 959 (11th Cir. 2020). Construed liberally, Debtor appears to argue that no proofs of claim have been filed, so she has no creditors for the Trustee to pay. This argument is simply factually incorrect. Eight proofs of claim were timely filed by creditors in this case, and none have been objected to at this time. See 11 U.S.C. § 502(a). The Court merely notes the filing of these proofs of claim and makes no findings as to any matter regarding such proofs of claim or the underlying claims therein.

Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.), 722 F.2d 1063, 1071 (2d Cir. 1983)) (internal quotations omitted). Debtor provided neither legal support for nor evidence in support of her objection. Instead, Debtor stated that the Property is part of the bankruptcy estate and her interest in the Estate of Irene Thomas is part of the bankruptcy estate. Debtor's interest in the Property and in the assets of the Estate of Irene Thomas are indeed property of the bankruptcy estate. However, Debtor fails to show how the Trustee's sale of property of the bankruptcy estate for the benefit of creditors—specifically authorized by 11 U.S.C. § 363(b)—is a violation of the automatic stay. Accordingly, Debtor's objection is without merit and must therefore be overruled.

In this case, the Court is satisfied that the Trustee has exercised sound business judgment in the sale of the Property. There is no evidence of any improper or bad faith motive for the sale. Under these circumstances, the proposed sale price is likely to be the highest and best offer for the Property. Additionally, the sale appears to have been done pursuant to adequate and fair procedures, specifically in that the Property was publicly marketed, the Buyers are disinterested persons, and the sale is an arm's length transaction. Accordingly, based on the circumstances presented in this case, the Court finds that the proposed sale is reasonable and in the best interests of creditors and the bankruptcy estate.

Based on the foregoing,

## ORDER

**IT IS HEREBY ORDERED** that Debtor's objection is **OVERRULED**; and

**FURTHER ORDERED** that the Motion (ECF No. 155) is **GRANTED**; and

**FURTHER ORDERED** that the Trustee is authorized to sell the Property of behalf of the bankruptcy estate, Alvin Thomas, and the Estate of Irene Thomas pursuant to 11 U.S.C. § 363(h) to Buyers for the sum of $159,000.00 as outlined in the Motion; and

**FURTHER ORDERED** that the Trustee is authorized to execute any and all documents which might be necessary to effectuate the sale; and

**FURTHER ORDERED** that the Trustee is authorized to disburse at the time of closing funds sufficient to satisfy all tax liens on the Property as provided in the Motion; and

**FURTHER ORDERED** that the Trustee is authorized to pay any and all closing costs from the sale as may be necessary to consummate the sale; and

**FURTHER ORDERED** that the Trustee is authorized to disburse funds at the time of closing for any recording fees, transfer taxes, appraisal fees, survey fees, or similar items which the Trustee agreed to pay pursuant to the sales contract with the Buyers; and

**FURTHER ORDERED** that the Trustee is authorized to disburse at the time of closing to the court-appointed realtor, Betty Browher, a sum equal to 6% of the purchase price, less $1,500.00 to be paid from such sum to the Buyers' agent, Essie Y. Miller of Keller

Williams Middle Georgia, as reasonable compensation; and

**FURTHER ORDERED** that the Trustee is authorized to allocate payment of the 6% realtor's commission, in the amount of $9,540.00, as follows: $5,540.00 from the bankruptcy estate; $1,333.33 from Alvin Thomas; and $2,666.67 from the Estate of Irene Thomas; and

**FURTHER ORDERED** that any disbursement pursuant to the foregoing paragraphs made by the closing attorney, escrow agent, or other individual or entity holding funds relating to the sale of the Property, shall be deemed made on behalf of and/or as agent for the Trustee; and

**FURTHER ORDERED** that the Trustee is authorized to pay any and all taxes determined to be payable by the bankruptcy estate on account of this sale without further order of this Court; and

**FURTHER ORDERED** that the sale proceeds remaining after the foregoing disbursements shall be turned over to the Trustee and administered as part of the bankruptcy estate; and

**FURTHER ORDERED** that a true copy of this Order may be filed for record in the public records of the appropriate county as evidence of the Trustee's ability to transfer clear title of the Property to the Buyers, and for any other applicable purpose; and

**FURTHER ORDERED** the filing fee for the Motion is hereby deferred, and the Trustee is authorized to pay such fee without further order of this Court.

*[signature]*

Michele J. Kim
United States Bankruptcy Judge
Southern District of Georgia

Dated at Brunswick, Georgia,
this 23rd day of January, 2025.