IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA

BRUNSWICK DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 CASE |
| | ) | No. 24-20266 |
| JOHNNIE MARENE THOMAS, | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| JOHNNIE MARENE THOMAS, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ALVIN MATTHEW THOMAS and | ) | |
| OKEFENOKE REMC, | ) | |
| | ) | |
| Respondents. | ) | |

**OPINION AND ORDER DENYING DEBTOR'S MOTION
FOR SANCTIONS AGAINST ALVIN MATTHEW THOMAS
<u>AND OKEFENOKE REMC FOR VIOLATIONS OF THE AUTOMATIC STAY</u>**

Pursuant to notice, the Court held a hearing on Debtor's Motion for Sanctions for Violation of the Automatic Stay against Alvin Matthew Thomas and Okefenoke REMC (ECF No. 23) (the "<u>Motion</u>"). Debtor, acting *pro se*, filed the Motion seeking sanctions for violations of the automatic stay related to the termination of power service at 494 Village Dr., Woodbine, Georgia 31569 (the "<u>Property</u>") and appeared at the hearing. Alvin Matthew Thomas ("<u>Mr. Thomas</u>") and Okefenoke REMC ("<u>OREMC</u>") appeared through

counsel. For the reasons discussed below, the Motion will be denied.

## BACKGROUND

Debtor, acting *pro se,* filed her voluntary chapter 7 bankruptcy petition on July 24, 2024. Thereafter, Debtor filed the Motion alleging that Mr. Thomas and OREMC violated the automatic stay and seeking sanctions for their parts in terminating power service to the Property where Debtor was residing on September 5, 2024. She requests one billion dollars ($1,000,000,000.00) in punitive damages each against Mr. Thomas, for "willfully, knowingly, [and] maliciously" having the power terminated, and OREMC, for "NOT investigating the matter before terminating services." (ECF No. 23 at 3.)

Mr. Thomas and OREMC maintain that because the terminated power account was in Irene Thomas's name and Mr. Thomas had authority to direct termination of service in her name as administrator of her decedent estate, no stay violation occurred, as no stayed activity was taken against Debtor or against property of the bankruptcy estate.

For the reasons that follow, the Court agrees with Mr. Thomas and OREMC; therefore, Debtor's Motion shall be denied.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The facts relevant to the Motion are undisputed. Debtor resides at the Property that

is titled in the name of Debtor's and Mr. Thomas's late mother, Irene Thomas. The account with OREMC for power service at the Property was also in the name of Irene Thomas. On September 5, 2024, OREMC terminated power service to the Property at the request of Mr. Thomas in his capacity as administrator of the Estate of Irene Thomas[1] and after determining that Mr. Thomas had authority to direct termination of service.[2] The next day, Debtor visited the OREMC office, provided OREMC proof of her bankruptcy filing, and opened an account in her name for power service to the Property. OREMC has provided power at the Property under Debtor's new account since.

---

[1] Debtor disputes that Mr. Thomas is the legally appointed administrator of the Estate of Irene Thomas, although she provided no evidence in her Motion or at the hearing to support her position. At the hearing, Mr. Thomas supplied a certified copy of the letters of administration evidencing his appointment as administrator by the Superior Court of Camden County, Georgia. Accordingly, it appears that Mr. Thomas is the duly appointed administrator of the Estate of Irene Thomas.

The Court derives its jurisdiction from 28 U.S.C. § 1334, which vests in federal district courts jurisdiction in bankruptcy cases and related proceedings. Such jurisdiction is limited by the probate exception, which "reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate." Marshall v. Marshall, 547 U.S. 293, 311-12 (2006). Accordingly, this Court lacks jurisdiction to adjudicate issues relating to the administration of the Estate of Irene Thomas, such as the appointment of Mr. Thomas as administrator.

However, even if Mr. Thomas was not the administrator of the Estate of Irene Thomas, the Court's conclusions regarding this Motion would not change. Regardless of Mr. Thomas's authority to act on behalf of the Estate of Irene Thomas, no automatic stay violation occurred under the facts presented, because no action was taken against Debtor or her bankruptcy estate, see infra at 5-7.

[2] At the hearing, OREMC's counsel maintained that Mr. Thomas provided OREMC with certified copies of the letters of administration and other Probate and Superior Courts of Camden County documents evidencing Mr. Thomas was the administrator of the Estate of Irene Thomas. OREMC's manager of safety, David Smith, testified that Mr. Thomas provided him with such documents at the time the termination request was made.

3

AO 72A
(Rev. 8/82)

The filing of a bankruptcy petition triggers the automatic stay, which prohibits, in relevant part, the commencement or continuation of actions or proceedings against Debtor as to pre-petition claims; any act to obtain possession of property of the bankruptcy estate or of property from the estate or to exercise control over property of the estate; and any act to collect, assess, or recover a pre-petition claim against Debtor. 11 U.S.C. §§ 362(a)(1), (3), (6). When the automatic stay is violated, debtors may seek sanctions or damages arising from the violation.

Debtor does not cite any authority for sanctions against Mr. Thomas and OREMC. However, a Court may sanction a party for contempt for violating the stay under 11 U.S.C. § 105 upon a showing that the stay was violated, and that such violation was willful. Jove Eng'g, Inc. v. IRS, 92 F.3d 1539, 1555 (11th Cir. 1996). A willful violation of the stay occurs when the violator knew about the automatic stay and intentionally committed the violative act, "regardless [of] whether the violator specifically intended to violate the stay." Id.

Separately, 11 U.S.C. § 362(k)(1) provides for damages for violations of the automatic stay. It provides that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k)(1). The test for damages under Section 362(k)(1) is virtually the same as that for contempt under Section 105. "Individuals seeking damages for stay violations have the burden of

AO 72A
(Rev. 8/82)

proof to establish that the wrongdoer violated the automatic stay and the violation was willful." In re Rose, 645 B.R. 253, 259 (Bankr. M.D. Fla. 2022) (citing In re Rivera, Case No. 6:09-bk-00340-ABB, 2009 WL 3735834, *2 (Bankr. M.D. Fla. Nov. 5, 2009)).

Regardless of whether Debtor seeks sanctions for contempt under 11 U.S.C. § 105 or damages under 11 U.S.C. § 362(k)(1), Debtor has failed to pass the first hurdle for either option. Debtor has not shown that any violation of the automatic stay occurred under the relevant facts.

The Court finds that OREMC did not violate the automatic stay by terminating the power service. The terminated power service at issue was not in Debtor's name. Debtor had no relationship with OREMC and OREMC was not a creditor of Debtor when it terminated the power service. OREMC's actions were not actions to collect a debt against Debtor or to exercise control or obtain possession of property of the bankruptcy estate. See In re Gur-Meat, Inc., 657 B.R. 675, 680 (Bankr. D.P.R. 2024) (finding power utility did not violate automatic stay when it disconnected power because terminated power account was not in debtor's name and termination of service was not an act to collect a debt against debtor where utility had no claim against debtor); In re Matthews, 24 B.R. 545, 546 (Bankr. E.D. Pa. 1982) (finding that the utility did not violate the stay upon its failure to restore terminated gas service because the delinquent, terminated account was in the name of non-debtor roommate of the debtor). The fact that Debtor resides at the Property has no effect

on this analysis, which, in these circumstances, begins and ends with the name on the terminated power account.

Similarly, although Mr. Thomas is a creditor of Debtor,[3] the Court finds that Mr. Thomas did not violate the stay by requesting termination of power service in the name of Irene Thomas. Mr. Thomas was not attempting to collect any debt from Debtor or to exercise control over or obtain possession of the Property, where (1) Mr. Thomas made no demands for payment of debts from Debtor; (2) Mr. Thomas had authority as administrator over the power account in Irene Thomas's name and did not interfere with or attempt to interfere with any service in Debtor's name; (3) Debtor was at no point deprived of control or possession of the Property; and (4) Debtor was not prevented from immediately opening a power account in her own name for power service at the Property.[4] Cf., e.g., In re Tavera,

---

[3] Mr. Thomas, individually, has filed four proofs of claim in this case. (Claim Nos. 2, 4, 6-7.) He has also filed two proofs of claim on behalf of the Estate of Irene Thomas in his capacity as administrator. (Claim Nos. 3, 5.) Each of these claims is based on one of three lawsuits filed against Debtor pending in the Superior Court of Camden County. Furthermore, Debtor scheduled Mr. Thomas and the Estate of Irene Thomas as priority unsecured creditors with disputed claims in her Schedule E/F that appear to be for the same pending lawsuits, although the claim amounts differ between the Claims and the amounts Debtor estimated in her Schedule E/F. (ECF No. 13 at 17, 19, 25.)

The continuation of these lawsuits was stayed upon Debtor's filing of her bankruptcy petition. Although Mr. Thomas and the Estate of Irene Thomas (represented by Mr. Thomas as administrator) are creditors, their claims are apparently disputed and unliquidated. 11 U.S.C. § 101(5) (defining a claim in bankruptcy).

[4] When asked by the Court if Debtor had any evidence that Mr. Thomas's direction to turn off the power to the Property was done to collect a debt from her, Debtor argued that the Probate and Superior Courts of Camden County illegally appointed Mr. Thomas as the administrator of their mother's estate. She also stated that she was a tenant at the Property and that Mr. Thomas was being malicious.

645 B.R. 299, 308-09 (Bankr. M.D. Fla. 2022) (stay violation where landlord posted notice demanding payment of past-due rent despite knowledge of bankruptcy); Vu v. Lin (In re Vu), 591 B.R. 596, 603 (stay violation where landlord changed the locks on debtor's leased restaurant despite knowledge of bankruptcy) (Bankr. E.D. Pa. 2018); Lankford v. Advanced Equities, Inc. (In re Lankford), 305 B.R. 297, 302 (Bankr. N.D. Iowa 2004) (stay violation where landlord filed a forcible entry and detainer action against the debtors, moved the debtors' belongings out of their rental house, and locked them out of the house despite knowledge of bankruptcy). It is worth noting here that the Property and the power service should not be conflated. The Court does not consider, under these specific circumstances, the termination of power service that is not in Debtor's name an exercise of control over or attempt to obtain possession of the **Property**, especially where Debtor's control and possession of the Property were never threatened and her ability to obtain power service in her own name was unaffected. See Weisel v. Dominion Peoples Gas Co.

---

These arguments have limited relevance to the issue before the Court. As previously stated, the Court lacks jurisdiction to adjudicate issues relating to the administration of the Estate of Irene Thomas, such as the appointment of Mr. Thomas as administrator, and in any event, it appears to the Court that Mr. Thomas is the duly appointed administrator. Additionally, Debtor has not provided any evidence of a lease or other tenancy agreement with the Estate of Irene Thomas, the owner of the Property, nor did she list the Property anywhere in her schedules. Even assuming she is a tenant, closing the power account in Irene Thomas's name while doing nothing to prevent Debtor from promptly opening an account in her own name and continuing to live at the Property does not lead the Court to conclude Mr. Thomas acted in violation of the automatic stay. It appears that he was simply acting as an administrator exercising his authority over the accounts of Irene Thomas. Accordingly, the Court finds that Debtor's arguments do not show that Mr. Thomas was attempting to collect a debt from Debtor.

7

(In re Weisel), 400 B.R. 457, 473 (Bankr. W.D. Pa. 2009) (concluding utility's termination of gas service was not "an attempt to exercise dominion or control over property of the estate").

Accordingly, for the reasons set forth above,

## ORDER

**IT IS HEREBY ORDERED** that the Motion (ECF No. 23) is **DENIED**.

_____
Michele J. Kim
Chief United States Bankruptcy Judge
Southern District of Georgia

Dated at Brunswick, Georgia,
this 25th day of February, 2025.