IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA

BRUNSWICK DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 CASE |
| | ) | No. 24-20266 |
| JOHNNIE MARENE THOMAS, | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

**OPINION AND ORDER GRANTING
<u>TRUSTEE'S MOTION FOR TURNOVER</u>**

Pursuant to notice, the Motion for Turnover of Property (ECF No. 157) (the "<u>Motion</u>") filed by the Chapter 7 Trustee came on for hearing. In the Motion, the Trustee seeks an order from the Court compelling Debtor to turn over real property located at 4260 Bingham Ct., Stone Mountain, DeKalb County, GA 30083 (the "<u>Property</u>"). For the reasons that follow, the Motion will be granted.

Debtor, acting *pro se*, filed her voluntary chapter 7 bankruptcy case on July 24, 2024. She listed the Property on Schedule A/B. (ECF No. 13-1 at 3.) In his Motion, the Trustee asserts that the Property was previously owned by Debtor and her ex-husband, John Duchene, as joint tenants with the right of survivorship. Upon Mr. Duchene's death in 2018, the Property became fully vested in Debtor.

Based on the opinion of the court-appointed realtor, Robin Blass, the Trustee believes the Property could sell for between $345,000 and $349,900. The Trustee contends

the approximate amount owed on all liens against the Property is $124,056.96, leaving approximately $220,943.04 in equity in the Property. The Estate of John Duchene is entitled to 50% of the proceeds from any sale of the Property pursuant to the divorce decree between Debtor and Mr. Duchene dated May 19, 2000. Accordingly, the Trustee believes the bankruptcy estate's interest in the equity is 50%, or $110,471.52. Debtor has not exempted any amount of this equity. The Trustee seeks turnover of the Property so he may sell the Property and obtain this non-exempt equity for the benefit of Debtor's creditors.

In response, Debtor filed two documents that the Court has construed as objections to the Motion. (See ECF Nos. 177, 178.) Debtor also made these objections at the hearing. First, Debtor objected to the "Trustee's Application to Probate John Albert Duchene's Estate." (ECF No. 177.) It seems that Debtor is under the mistaken belief that the Trustee's Motion seeks to probate Mr. Duchene's estate. The Trustee has made no such application, and this Court does not have jurisdiction to even entertain such an application. Accordingly, this objection is without merit and will be overruled. Debtor's second category of objection is a general objection to the sale in which she states that the Property is not for sale; she does not consent to the sale; no creditor has a lawful claim to the Property; and that she will not relinquish her rights to the Property. (ECF No. 178.) She also appears to request that the Property "be removed" from the Trustee's "jurisdiction." (Id.) This objection, like the first, is without merit and will be overruled. The Trustee has

2

authority over property of the bankruptcy estate due to Debtor's voluntary bankruptcy filing. Indeed, upon the filing of her petition, Debtor gained the benefits and protection of the bankruptcy process and is required to generally cooperate with the Trustee and to surrender all non-exempt property of the estate to the Trustee. 11 U.S.C. §§ 521(a)(3), (4); Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282, 1289 (11th Cir. 2002) ("What is clear is that in order to gain the benefits of the bankruptcy laws, the debtor must first surrender his non-exempt property for the benefit of his creditors."), overruled on other grounds by Slater v. U.S. Steel Corp., 871 F.3d 1174, 1185 (11th Cir. 2017). Because Debtor has presented no legal support for her objections to the Motion, her objections will be overruled.

> Under 11 U.S.C. § 542(a),
>
> an entity . . . in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under [11 U.S.C. § 363], or that the debtor may exempt under [11 U.S.C. § 522], shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

The party requesting turnover under 11 U.S.C. § 542 bears the burden of proof. In re Lamar, 249 B.R. 822, 824-25 (Bankr. S.D. Ga. 2000). Here, the Trustee has demonstrated each of the elements for turnover. The Property is in the possession, custody, or control of Debtor during the case, and it is property that the Trustee may use, sell, or lease or that Debtor may exempt. At the hearing, Debtor acknowledged that the Property is in her possession and control. Additionally, the Trustee has shown that the Property has value and that its

AO 72A
(Rev. 8/82)

sale will be a benefit to the bankruptcy estate. Accordingly,

## ORDER

**IT IS HEREBY ORDERED** that Debtor's Objections (ECF Nos. 177, 178) to the Motion are **OVERRULED**; and

**FURTHER ORDERED** that the Motion (ECF No. 157) is **GRANTED**; and

**FURTHER ORDERED** that Debtor shall <u>NOT</u> remove, destroy, or otherwise damage the Property and/or its fixtures; and

**FURTHER ORDERED** that Debtor shall, within twenty-eight (28) days of entry of this Order, turn the Property over to the Trustee by (1) removing all personal belongings from the Property; (2) ensuring that any and all occupants have vacated the Property; and (3) providing any and all keys and access or security codes to the Property to the Trustee.

*/s/ Michele J. Kim*
Michele J. Kim
Chief United States Bankruptcy Judge
Southern District of Georgia

Dated at Brunswick, Georgia,
this 1st day of July, 2025.