IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA

BRUNSWICK DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 CASE |
| | ) | No. 24-20266 |
| JOHNNIE MARENE THOMAS, | ) | |
| | ) | |
| Debtor. | ) | |

**OPINION AND ORDER HOLDING DEBTOR
JOHNNIE MARENE THOMAS IN CONTEMPT AND DIRECTING
U.S. MARSHALS SERVICE TO ACCESS PROPERTY LOCATED
AT 4260 BINGHAM COURT, STONE MOUNTAIN, GEORGIA 30083**

Pursuant to notice, the Chapter 7 Trustee's (the "Trustee") Motion for Contempt (ECF No. 280) (the "Motion") came on for preliminary hearing on September 11, 2025, and a show cause and final hearing on October 16, 2025. The Trustee appeared at both hearings; Debtor did not. After consideration of the Motion and two hearings, the Motion will be granted as provided below.

## BACKGROUND

Debtor filed her chapter 7 bankruptcy petition *pro se* on July 24, 2024. She scheduled an ownership interest in real property located at 4260 Bingham Court, Stone Mountain, GA 30083 (the "Property"). (ECF No. 13-1 at 3.) She also scheduled a mortgage against the Property in the amount of $116,000 in favor of Nationstar Mortgage LLC. (Id. at 15.)

In connection with the potential sale of the Property, the Trustee applied to employ


a real estate agent, Robin Blass (the "Realtor"), for the estate. (ECF Nos. 156, 159.) The Court subsequently appointed Ms. Blass as realtor for the estate on December 16, 2024. (ECF No. 160.) After Debtor did not act to surrender the Property to the Trustee as required by 11 U.S.C. § 521(a)(4), the Trustee moved for an order compelling turnover of the Property pursuant to 11 U.S.C. § 542. (ECF No. 157.) After notice and hearing at which Debtor and the Trustee appeared, the Court granted the Trustee's Motion for Turnover by order dated July 1, 2025 (ECF No. 265) (the "Turnover Order"). The Court ordered the turnover of the Property over Debtor's unfounded objections and prospective refusals to turn over the Property to the Trustee. (ECF Nos. 177, 178.) The Turnover Order provided:

> Debtor shall NOT remove, destroy, or otherwise damage the Property and/or its fixtures; and . . .
> Debtor shall, within twenty-eight (28) days of entry of this Order, turn the Property over to the Trustee by (1) removing all personal belongings from the Property; (2) ensuring that any and all occupants have vacated the Property; and (3) providing any and all keys and access or security codes to the Property to the Trustee.

(ECF No. 265 at 4.) Accordingly, Debtor was required to perform under the Turnover Order on or before July 29, 2025.

The Trustee filed the instant Motion on August 7, 2025. He states that Debtor has "completely ignored" the Turnover Order and has maintained possession of the Property. (ECF No. 280 at 2.) The Realtor, by sworn affidavit, has indicated that she has had no contact with Debtor since July 29, 2025, when Debtor was due to turn over the Property.

(Id. at 7.) The Realtor made two attempts to contact Debtor by phone—on July 31, 2025, and August 5, 2025—but Debtor did not answer or return her calls. (Id.) The Realtor also visited the Property on August 2, 2025, to observe it from the street and reports that it appeared to remain occupied, with a no trespassing sign on the front door and a vehicle stored in the carport. (Id. at 7-9.)

The Trustee requests that this Court hold Debtor in contempt and enter an order directing the U.S. Marshals Service to: (a) assist the Trustee and/or the Realtor in gaining access to, and taking possession of, the Property, and (b) remove Debtor from the Property to allow the Trustee to market and sell the Property. (Id. at 5.)

The Court held a preliminary hearing on the Motion on September 11, 2025, at which the Trustee showed that Debtor had not complied with the Turnover Order or been in any contact with him or the Realtor. Debtor did not appear at the preliminary hearing or otherwise respond. Following the preliminary hearing, the Court continued the Motion to a final hearing and issued a show cause order (ECF No. 287) requiring Debtor to appear at the final hearing on October 16, 2025, to present evidence rebutting the Trustee's Motion and allegations of contempt. Debtor again did not appear. The Trustee confirmed at the final hearing that Debtor had still not complied with the Turnover Order or been in contact with him or the Realtor.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Chapter 7 trustees have statutory duties under the Bankruptcy Code, including to "collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest." 11 U.S.C. § 704(a)(1). A debtor, too, is required to perform certain duties under the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure. Of relevance to the Motion, a debtor must "cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties" and "surrender to the trustee all property of the estate." 11 U.S.C. §§ 521(a)(3), (4). She must also "cooperate with the trustee in preparing an inventory, examining proofs of claim, and administering the estate." Fed. R. Bankr. P. 4002(a)(4).

A bankruptcy court has the inherent power to hold litigants in civil contempt for violation of its orders. Gowdy v. Mitchell (In re Ocean Warrior, Inc.), 835 F.3d 1310, 1316 (11th Cir. 2016); Jove Eng'g, Inc. v. IRS, 92 F.3d 1539, 1553 (11th Cir. 1996). Bankruptcy courts also enjoy statutory contempt powers under 11 U.S.C. § 105(a), which provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a); see also Roth v. Nationstar Mortgage, LLC (In re Roth), 935 F.3d 1270, 1275 (11th Cir. 2019); Alderwoods Grp., Inc. v. Garcia, 682 F.3d 958, 966 n.18 (11th Cir. 2012).

A party seeking civil contempt sanctions for another's violation of a court order must establish by clear and convincing evidence the violation and that "1) the allegedly violated order was valid and lawful; 2) the order was clear, definite and unambiguous; and 3) the alleged violator had the ability to comply with the order." McGregor v. Chierico, 206 F.3d 1378, 1383 (11th Cir. 2000). "Civil penalties must either be compensatory or designed to coerce compliance." In re Ocean Warrior, Inc., 835 F.3d at 1317 (quotations omitted).

The Court finds that Trustee has shown by his own statements and by the affidavit of the Realtor that Debtor has failed to comply with the Turnover Order. He has also shown that the Turnover Order was valid, lawful, clear, definite, and unambiguous, and that Debtor has the ability to comply with it as the owner of the Property. Debtor is clearly failing to perform her obligations in bankruptcy by failing to cooperate with the Trustee and failing to surrender estate property to the Trustee. Because of her failures, the Trustee cannot perform *his* duties. Compliance with the Turnover Order is necessary for the Trustee to perform his duty to administer estate property. The Court additionally finds that Debtor was duly served at her address on file with (a) the Turnover Order; (b) the Motion; (c) the notice of preliminary hearing on the Motion; (d) the Order Requiring Debtor to Appear and Show Cause; and (e) the notice of continued, final hearing on the Motion. (ECF Nos. 271; 280 at 15; 282; 287; 288.) Nevertheless, she has failed to comply with the Turnover Order and failed to respond to the Motion or appear at either of the two

AO 72A
(Rev. 8/82)

hearings on it, despite being expressly ordered to appear and show cause at the hearing on October 16, 2025.

Accordingly, the Court finds Debtor in contempt of this Court. The Court finds that monetary sanctions will not be effective in coercing Debtor's noncompliance with the Turnover Order based on Debtor's extensive history of noncooperative, bad faith conduct in this case (see ECF No. 264 at 14-23) and her limited ability to pay such monetary sanctions. It further finds that additional hearings will serve no purpose because Debtor is unlikely to appear, as she failed to appear at two hearings on the Motion and at several duly noticed hearings on other matters. Accordingly, for the reasons set forth above,

## ORDER

**IT IS HEREBY ORDERED** that the Motion (ECF No. 280) is **GRANTED**; and

**FUTHER ORDERED AND ADJUDGED** that Debtor Johnnie Marene Thomas is in contempt of this Court; and

**FURTHER ORDERED** that Debtor shall, **on or before December 17, 2025**, turn the Property over to the Trustee by (1) removing all personal belongings from the Property, including any personal property that has been properly claimed as exempt; (2) ensuring that any and all occupants have vacated the Property; and (3) providing any and all keys and access or security codes to the Property to the Trustee or to the Realtor acting on behalf of the Trustee; and

**FURTHER ORDERED** that if Debtor fails to turn the Property over to the Trustee or to the Realtor acting on behalf of the Trustee **on or before December 17, 2025**, the Court will impose the following sanctions on Debtor for her contempt:

1. By any and all means, on a day and time to be determined by the Trustee and the U.S. Marshals Service ("USMS")[1], **but no earlier than December 18, 2025**, the USMS is authorized and directed to remove Debtor and/or any tenants from the Property, and to deliver full and quiet possession of the Property to the Trustee and/or the Realtor, at which time the Trustee and/or the Realtor (a) is authorized to retain the service of a locksmith to change all locks on the premises and secure the Property; and (b) shall affix public notice of the Turnover Order and this Order to the front door of the Property; and

2. The USMS is authorized and directed to use reasonable force to gain entry to the Property, including breaking any locks on gates and/or doors on the Property. Further, the USMS is authorized and directed to take all necessary actions, including, but not limited to, the use of reasonable force for the stated purpose and to arrest any and all persons who obstruct, interfere, or attempt to interfere in any way with the execution of this Order; and

---

[1] The U.S. Marshal for the Southern District of Georgia may delegate execution of this Order to the U.S. Marshal for the Northern District of Georgia.

3. The USMS shall promptly furnish an invoice to the Trustee for reimbursement of any charges it incurs in complying with this Order, which the Trustee is authorized and directed to pay to the USMS; and

4. The Trustee is authorized and directed to take custody and control of all furnishings and other personal property remaining at the Property. Any furnishings and/or other personal property not removed from the Property **on or before December 17, 2025**, shall be treated as non-exempt. The Trustee shall seek authorization and approval from the Court prior to selling or otherwise disposing of any such property remaining at the Property; and

**FURTHER ORDERED** after the Trustee or the Realtor acting on behalf of the Trustee gain possession of the Property, Debtor is **PROHIBITED** from accessing or entering the Property without leave of the Trustee or this Court.

<div style="text-align:right">
Michele J. Kim<br>
Chief United States Bankruptcy Judge<br>
Southern District of Georgia
</div>

Dated at Brunswick, Georgia,
this 17th day of November, 2025.