IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA

BRUNSWICK DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 CASE |
| | ) | No. 24-20266 |
| JOHNNIE MARENE THOMAS, | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

**OPINION AND ORDER GRANTING**
**TRUSTEE'S MOTION FOR TURNOVER OF INSURANCE POLICY**

Pursuant to notice, the Motion for Turnover of Property (ECF No. 294) (the "Motion") filed by the Chapter 7 Trustee (the "Trustee") came on for hearing. In the Motion, the Trustee seeks an order from the Court compelling Debtor to turn over a certain whole life insurance policy (account number ending in 0986) issued by Prudential Insurance Company of America on February 10, 1993 (the "Insurance Policy"). The Trustee appeared at the hearing; Debtor did not. For the reasons that follow, the Motion will be granted.

Debtor, acting *pro se*, filed her voluntary chapter 7 bankruptcy case on July 24, 2024. She did not list the Insurance Policy in her bankruptcy schedules. In his Motion, the Trustee asserts that the Insurance Policy is owned by Debtor and has an approximate net cash surrender value of $5,814.29. (Id. at 1-2.) To date, Debtor has not claimed any

AO 72A
(Rev. 8/82)

exemption in any portion of the value of the Insurance Policy. The Trustee seeks turnover of the Insurance Policy so he may liquidate it for the benefit of Debtor's creditors.

In response, Debtor filed, *pro se*, a deficient document titled "Judicial Notice The Debtor Objection to the Sells: To Totality of Everything This Court Has Done and Has Allowed to Be Done by All of the Parties Involved in the Hiring of Individuals, Selling of Properties, and Allowed the State Courts to Do" (ECF No. 301), in which she purports to object to the Motion. The Clerk's Office identified several deficiencies in Debtor's filing, and a Notice of Deficiency (ECF No. 302) was issued to Debtor requiring her to cure said deficiencies on or before October 14, 2025. As of the date of the hearing, October 16, 2025, Debtor had not cured the deficiencies. Furthermore, Debtor could have appeared at the duly noticed hearing on the Motion to present her objections to the Motion. She did not appear. Her objections were therefore deemed abandoned and struck from the record by separate order (ECF No. 320).[1]

Under 11 U.S.C. § 542(a),

an entity . . . in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under [11 U.S.C. § 363], or that the debtor may exempt under [11 U.S.C. § 522], shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of

---

[1] For the sake of leniency toward a *pro se* debtor, Court did review Debtor's "Judicial Notice." The Court notes that Debtor's "Judicial Notice" did not present anything to suggest that the Trustee was not entitled to turnover of the Insurance Policy. The apparent objections therein to the Motion are meritless and have no legal or factual basis. Contrary to the statements made in Debtor's "Judicial Notice," Debtor does have creditors, as listed on her bankruptcy petition, and this case is not a chapter 13 case. The Court denied Debtor's Motion to Convert to Chapter 13 by order entered July 1, 2025. (ECF No. 264.)

inconsequential value or benefit to the estate.

The party requesting turnover under 11 U.S.C. § 542 bears the burden of proof. In re Lamar, 249 B.R. 822, 824-25 (Bankr. S.D. Ga. 2000). Here, the Trustee has demonstrated each of the elements for turnover. The Insurance Policy is in the possession, custody, or control of Debtor during the case, and it is property that the Trustee may use, sell, or lease or that Debtor may exempt. Additionally, the Trustee has shown that the Insurance Policy has more than inconsequential value and that its liquidation will be a benefit to the bankruptcy estate. No evidence has been presented to the contrary.

As a final note, and as has been addressed by the Court previously in this case, the Trustee has authority over property of the bankruptcy estate due to Debtor's voluntary bankruptcy filing. Upon the filing of her petition, Debtor gained the benefits and protection of the bankruptcy process and is required to generally cooperate with the Trustee and to surrender all non-exempt property of the estate to the Trustee. 11 U.S.C. §§ 521(a)(3), (4); Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282, 1289 (11th Cir. 2002) ("What is clear is that in order to gain the benefits of the bankruptcy laws, the debtor must first surrender his non-exempt property for the benefit of his creditors."), overruled on other grounds by Slater v. U.S. Steel Corp., 871 F.3d 1174, 1185 (11th Cir. 2017). Debtor has not exempted the Insurance Policy and must now surrender this estate property to the Trustee for the benefit of her creditors.

AO 72A
(Rev. 8/82)

For the reasons stated above, accordingly,

## ORDER

**IT IS HEREBY ORDERED** that the Motion (ECF No. 294) is **GRANTED**; and

**FURTHER ORDERED** that the Trustee is entitled to possession of the Insurance Policy, to wit, Debtor's whole life insurance policy (account number ending in 0986) issued by Prudential Insurance Company of America on February 10, 1993; and

**FURTHER ORDERED** that Debtor shall turn over to the Trustee the Insurance Policy **on or before December 2, 2025**. A claim of exemption in any portion of the value of the Insurance Policy shall not relieve Debtor of the obligation to turn over the Insurance Policy to the Trustee; and

**FURTHER ORDERED** that the Trustee is vested with all rights of ownership in the Insurance Policy, including, but not limited to, the right to cash in or cancel the Insurance Policy and take possession of the cash value; and

**FURTHER ORDERED** that Prudential Life Insurance Company of America shall turn over the cash surrender value of the Insurance Policy to the Trustee upon request of the Trustee; and

 **FURTHER ORDERED** Debtor shall have until and including December 18, 2025,

to claim any exemption in the Insurance Policy on the appropriate standard form. If she does not, the Trustee may treat the entirety of the Insurance Policy as non-exempt and may administer the full value.

Michele J. Kim
Chief United States Bankruptcy Judge
Southern District of Georgia

Dated at Brunswick, Georgia,
this 18th day of November, 2025.