I<small>N THE</small> U<small>NITED</small> S<small>TATES</small> B<small>ANKRUPTCY</small> C<small>OURT</small>

<small>FOR THE</small>

S<small>OUTHERN</small> D<small>ISTRICT OF</small> G<small>EORGIA</small>

B<small>RUNSWICK</small> D<small>IVISION</small>

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 CASE |
| | ) | No. 24-20266 |
| JOHNNIE MARENE THOMAS, | ) | |
| | ) | |
| Debtor. | ) | |

**OPINION AND ORDER DENYING DEBTOR'S**
**MOTION FOR STAY PENDING APPEAL**

This matter arises from the "Notice of Appeal and Notice of Stay" (ECF No. 366) filed *pro se* by Debtor. In this filing, Debtor indicates she is appealing the Court's Opinion and Order holding her in contempt and entered on November 17, 2025, and requests a stay "until [she] has exhausted ALL of [her] appellant rights." (Id. at 2.) The Court will liberally construe the filing as a combined Notice of Appeal and Motion for Stay.[1] After consideration of the Motion for Stay (the "Motion") and the relevant law, for the reasons stated below, the Motion will be denied.[2]

---

[1] *Pro se* filings are entitled to liberal construction. Erickson v. Pardus, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed."); United States v. Ogiekpolor, 122 F.4th 1296, 1304 (11th Cir. 2024) ("We liberally construe *pro se* filings. *Pro se* litigants, however, are required to conform to procedural rules.") (internal citations and quotations omitted). However, liberal construction has limits, and the Court is not permitted to rewrite a *pro se* litigant's filings for him. See Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014) ("Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.") (quotation omitted).

[2] The Court considers only Debtor's request for a stay pending appeal. This Order shall in no way affect or determine any issues concerning Debtor's Notice of Appeal.

## BACKGROUND

Debtor filed her chapter 7 bankruptcy petition *pro se* on July 24, 2024. After Debtor did not surrender certain non-exempt property to the Chapter 7 trustee (the "Trustee") as required by 11 U.S.C. § 521(a)(4), the Trustee moved for an order compelling turnover of the property pursuant to 11 U.S.C. § 542. (ECF No. 157.) The Court granted the Trustee's motion and ordered Debtor to turn over the property to the Trustee on or before July 29, 2025. (ECF No. 265.) After Debtor failed to comply with the Court's order to turn over the property, the Trustee moved for contempt sanctions against Debtor. (ECF No. 280.) Following two hearings that Debtor failed to attend, the Court granted the Trustee's motion, holding Debtor in contempt and directing her to turn over the property to the Trustee on or before December 17, 2025. (ECF No. 349 at 6.) The Court also ordered that if Debtor failed to timely turn over the property, the U.S. Marshals Service was authorized and directed to assist the Trustee and/or the realtor for the bankruptcy estate in accessing and taking possession of the property. (Id. at 7.)

Debtor filed her Notice of Appeal and the instant Motion on December 17, 2025. Her Notice of Appeal indicates she is appealing the Court's Opinion and Order holding her in contempt (ECF No. 349) (the "Contempt Order").

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The Court construes the Motion liberally as Debtor is acting *pro se* and determines Debtor is requesting this Court to stay the Contempt Order pending appeal. While Debtor cites no rule or case law in support of her Motion, the Court believes Debtor is seeking relief under Federal Rule of Bankruptcy Procedure (the "Rule" or "Rules") 8007. Under Rule 8007, a party may move the bankruptcy court for a stay of a "judgment, order, or decree" pending appeal. Fed. R. Bankr. P. 8007(a)(1)(A). Furthermore, "while [an] appeal is pending, the bankruptcy court may [ ] suspend or order the continuation of other proceedings in the case, or [ ] issue any appropriate order during the pendency of an appeal to protect the rights of all parties in interest." Fed. R. Bankr. P. 8007(e). However, a stay pending appeal is an "extraordinary remedy," and Debtor has the burden of proof to show by a preponderance of the evidence: (1) a substantial likelihood that she will prevail on the merits of the appeal; (2) a substantial risk of irreparable injury to Debtor unless the stay is granted; (3) no substantial harm to other interested persons from the issuance of the stay; and (4) no harm to the public interest if the stay is granted. Woide v. Fed. Nat'l Mortg. Ass'n (In re Woide), 730 F. App'x 731, 737 (11th Cir. 2018) (citing Touchston v. McDermott, 234 F.3d 1130, 1132 (11th Cir. 2000)); see also Garcia-Mir v. Meese, 781 F.2d 1450, 1453 (11th Cir. 1986) ("The grant of an emergency motion to stay the trial court's mandate is . . . an exceptional response granted only upon a showing of four factors[.]").

A movant must demonstrate all four factors, but the first two factors are "the most critical." Nken v. Holder, 556 U.S. 418, 434 (2009). "Ordinarily, the first factor, likelihood of success on appeal, carries the most weight when determining whether to grant a stay pending appeal." Matter of Webb, No. 17-10835-WHD, 2017 WL 5125538, at *1 (Bankr. N.D. Ga. Nov. 3, 2017). "If [a movant] is unable to show a substantial likelihood of success on the merits, [a court] need not consider the other requirements" for staying a proceeding pending appeal. Bloedorn v. Grube, 631 F.3d 1218, 1229 (11th Cir. 2011). Whether to stay a proceeding pending appeal is a decision within the sound discretion of the Court. Lang v. Lang (In re Lang), 414 F.3d 1191, 1201 (10th Cir. 2005); In re Moore, No. 20-40309-EJC, 2020 WL 5633081, at *4 (Bankr. S.D. Ga. Aug. 27, 2020).

Here, the Court finds that Debtor has not demonstrated *any* of the required four factors for a stay pending appeal. She makes no argument in support of her Motion whatsoever, and the Motion is due to be denied for this reason alone.

Additionally, the Court separately finds that Debtor does not have a likelihood of success on the merits of the appeal. Debtor filed her Notice of Appeal on December 17, 2025, and the Contempt Order which she appeals was entered on November 17, 2025. With certain inapplicable exceptions, Rule 8002 requires a notice of appeal to be filed "within 14 days after the judgment, order, or decree to be appealed is entered." Fed. R. Bankr. P. 8002(a)(1). Compliance with this 14-day deadline is mandatory and jurisdictional: an

appellate court lacks authority to consider an untimely notice of appeal. <u>Williams v. EMC Mortg. Corp. (In re Williams)</u>, 216 F.3d 1295, 1298 (11th Cir. 2000). Accordingly, Debtor has virtually no chance of success in her fatally untimely appeal. As Debtor has failed to show that the extraordinary relief of a stay of the Contempt Order pending appeal is appropriate, the Motion will be denied.

      Accordingly, for the reasons set forth above,

### ORDER

**IT IS HEREBY ORDERED** that Debtor's Motion for Stay is **DENIED**.

_____
Michele J. Kim
Chief United States Bankruptcy Judge
Southern District of Georgia

Dated at Brunswick, Georgia,
this 12th day of January, 2026.