IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA

BRUNSWICK DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 CASE |
| | ) | No. 24-20266 |
| JOHNNIE MARENE THOMAS, | ) | |
| | ) | |
| Debtor. | ) | |

**OPINION AND ORDER HOLDING DEBTOR
JOHNNIE MARENE THOMAS IN CONTEMPT AND DIRECTING
U.S. MARSHALS SERVICE TO ACCESS PROPERTY LOCATED
AT 1606 GEORGE STREET, BRUNSWICK, GEORGIA 31520**

Pursuant to notice, the Chapter 7 Trustee's (the "Trustee") Motion for Contempt (ECF No. 447) (the "Motion") came on for hearing on April 16, 2026. The Court also ordered Debtor to appear and show cause why she should not be held in contempt at the hearing on the Motion. (ECF No. 448.) The Trustee appeared at the hearing; Debtor did not. After consideration of the Motion and the argument presented at the hearing, the Motion will be granted as provided below.

**BACKGROUND**

Debtor filed her chapter 7 bankruptcy petition *pro se* on July 24, 2024. In her petition and schedules, Debtor failed to list her ownership interest in the real property located at

AO 72A
(Rev. 8/82)

1606 George Street, Brunswick, Glynn County, Georgia 31520 (the "Property").

In connection with the potential sale of the Property, the Trustee applied to employ a real estate agent, Dickey Zell (the "Realtor"), for the estate. (ECF No. 404.) The Court subsequently appointed Mr. Zell as realtor for the estate on January 14, 2026. (ECF No. 405.) After Debtor did not act to surrender the Property to the Trustee as required by 11 U.S.C. § 521(a)(4), the Trustee moved for an order compelling turnover of the Property pursuant to 11 U.S.C. § 542. (ECF No. 362.) After notice and hearing at which the Trustee appeared, but Debtor did not, the Court granted the Trustee's Motion for Turnover by order (ECF No. 406) (the "Turnover Order") dated January 14, 2026. The Turnover Order provided, in relevant part:

> Debtor shall, on or before March 2, 2026, turn the Property over to the Trustee by (1) removing all personal belongings from the Property, (2) not removing, destroying, or otherwise damaging the Property or its fixtures, (3) ensuring that any and all occupants have vacated the Property, and (4) providing all keys and/or access codes to the Property to the Trustee or to [the Realtor].

(Id. at 2.)

The Trustee filed the instant Motion on March 20, 2026. He stated that Debtor has "completely ignored" the Turnover Order and has maintained possession of the Property. (ECF No. 447 at 2.) The Trustee also reported that the Property remains occupied by individuals other than Debtor who have been authorized to utilize the Property by Debtor without the permission of the Court or the Trustee. (Id.)

AO 72A
(Rev. 8/82)

The Trustee requests that this Court hold Debtor in contempt and enter an order directing the U.S. Marshals Service to: (a) assist the Trustee and/or the Realtor in gaining access to, and taking possession of, the Property, and (b) remove Debtor from the Property to allow the Trustee to market and sell the Property. (Id. at 5.)

Debtor has not responded in any way to the Motion and did not appear at the hearing, despite the Court's order requiring her to appear and show cause why she should not be held in contempt. (See ECF No. 448.) The Trustee confirmed at the hearing that the Property had still not been turned over and still appeared to be occupied.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Chapter 7 trustees have statutory duties under the Bankruptcy Code, including to "collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest." 11 U.S.C. § 704(a)(1). A debtor, too, is required to perform certain duties under the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure. Of relevance to the Motion, a debtor must "cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties" and "surrender to the trustee all property of the estate." 11 U.S.C. §§ 521(a)(3), (4). She must also "cooperate with the trustee in preparing an inventory, examining proofs of claim, and administering the estate." Fed. R. Bankr. P.

AO 72A
(Rev. 8/82)

4002(a)(4).

A bankruptcy court has the inherent power to hold litigants in civil contempt for violation of its orders. Gowdy v. Mitchell (In re Ocean Warrior, Inc.), 835 F.3d 1310, 1316 (11th Cir. 2016); Jove Eng'g, Inc. v. IRS, 92 F.3d 1539, 1553 (11th Cir. 1996). Bankruptcy courts also enjoy statutory contempt powers under 11 U.S.C. § 105(a), which provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a); see also Roth v. Nationstar Mortgage, LLC (In re Roth), 935 F.3d 1270, 1275 (11th Cir. 2019); Alderwoods Grp., Inc. v. Garcia, 682 F.3d 958, 966 n.18 (11th Cir. 2012).

A party seeking civil contempt sanctions for another's violation of a court order must establish by clear and convincing evidence the violation and that "1) the allegedly violated order was valid and lawful; 2) the order was clear, definite and unambiguous; and 3) the alleged violator had the ability to comply with the order." McGregor v. Chierico, 206 F.3d 1378, 1383 (11th Cir. 2000). "Civil penalties must either be compensatory or designed to coerce compliance." In re Ocean Warrior, Inc., 835 F.3d at 1317 (quotations omitted).

The Court finds that Trustee has shown that Debtor has failed to comply with the Turnover Order. He has also shown that the Turnover Order was valid, lawful, clear, definite, and unambiguous, and that Debtor has the ability to comply with it as the owner of the Property. Debtor is clearly failing to perform her obligations in bankruptcy by failing

4

AO 72A
(Rev. 8/82)

to cooperate with the Trustee and failing to surrender estate property to the Trustee. Because of her failures, the Trustee cannot perform *his* duties. Compliance with the Turnover Order is necessary for the Trustee to perform his duty to administer estate property. The Court additionally finds that Debtor was duly served at her address on file with (a) the Turnover Order; (b) the Motion; (c) the Order Requiring Debtor to Appear and Show Cause; and (e) the notice of hearing on the Motion. (ECF Nos. 406, 447, 448, 449.) Nevertheless, she has failed to comply with the Turnover Order and failed to respond to the Motion or appear at the hearing on it, despite being expressly ordered to appear and show cause.

Accordingly, the Court finds Debtor in contempt of this Court. The Court finds that monetary sanctions will not be effective in coercing Debtor's compliance with the Turnover Order based on Debtor's extensive history of noncooperative, bad faith conduct in this case (see ECF No. 264 at 14-23), the fact that she has been found in contempt before in this case and failed to turn over other property (see ECF No. 349), and her limited ability to pay such monetary sanctions. It further finds that additional hearings will serve no purpose because Debtor is unlikely to appear, as she failed to appear at the hearing on the Motion and at several duly noticed hearings on other matters. Accordingly, for the reasons set forth above,

AO 72A
(Rev. 8/82)

## ORDER

**IT IS HEREBY ORDERED** that the Motion (ECF No. 447) is **GRANTED**; and

**FUTHER ORDERED AND ADJUDGED** that Debtor Johnnie Marene Thomas is in contempt of this Court; and

**FURTHER ORDERED** that Debtor shall, **on or before September 21, 2026**, turn the Property over to the Trustee by (1) removing all personal belongings from the Property, including any personal property that has been properly claimed as exempt; (2) ensuring that any and all occupants have vacated the Property; and (3) providing any and all keys and access or security codes to the Property to the Trustee or to the Realtor acting on behalf of the Trustee; and

**FURTHER ORDERED** that if Debtor fails to turn the Property over to the Trustee or to the Realtor acting on behalf of the Trustee **on or before September 21, 2026**, the Court will impose the following sanctions on Debtor for her contempt:

1. By any and all means, on a day and time to be determined by the Trustee and the U.S. Marshals Service ("USMS"), **but no earlier than September 22, 2026**, the USMS is authorized and directed to remove Debtor and/or any tenants or occupants from the Property, and to deliver full and quiet possession of the Property to the Trustee and/or the Realtor, at which time the Trustee and/or the Realtor (a) is authorized to retain the service of a locksmith to change all locks

AO 72A
(Rev. 8/82)

6

on the premises and secure the Property; and (b) shall affix public notice of the Turnover Order and this Order to the front door of the Property; and

2. The USMS is authorized and directed to use reasonable force to gain entry to the Property, including breaking any locks on gates and/or doors on the Property. Further, the USMS is authorized and directed to take all necessary actions, including, but not limited to, the use of reasonable force for the stated purpose and to arrest any and all persons who obstruct, interfere, or attempt to interfere in any way with the execution of this Order; and

3. The USMS shall promptly furnish an invoice to the Trustee for reimbursement of any charges it incurs in complying with this Order, which the Trustee is authorized and directed to pay to the USMS; and

4. The Trustee is authorized and directed to take custody and control of all furnishings and other personal property remaining at the Property. Any furnishings and/or other personal property not removed from the Property **on or before September 21, 2026**, shall be treated as non-exempt. The Trustee shall seek authorization and approval from the Court prior to selling or otherwise disposing of any such property remaining at the Property; and

**FURTHER ORDERED** after the Trustee or the Realtor acting on behalf of the Trustee gain possession of the Property, Debtor is **PROHIBITED** from accessing or

AO 72A
(Rev. 8/82)

entering the Property without leave of the Trustee or this Court.

_____
Michele J. Kim
Chief Judge
United States Bankruptcy Court
Southern District of Georgia

Dated at Brunswick, Georgia,
this 21st day of July, 2026.

AO 72A
(Rev. 8/82)